BELDEN TICE, PETITIONER-DEFENDANT, v. CHARLES MILLER & COMPANY, RESPONDENT-PROSECUTOR.

Argued October 3, 1939—Decided January 8, 1940.

Before Justices BODINE, HEHER and PERSKIE.

For the respondent-prosecutor, *McCarter & English* (*Verling C. Enleman*).

For the petitioner-defendant, *Hirschberg, Nashel, Zorn & Cronson* (*Samuel L. Hirschberg*).

BODINE, J.   The writ of *certiorari* in this case brings up for review the reversal in the Court of Common Pleas of a dismissal in the bureau of the workman's petition for compensation.   We think the determination in the bureau was proper.

The questions are simply: (1) Did the employe suffer an accident on October 30th, 1936? (2) Did the employer have timely notice of the occurrence?

The referee heard the witnesses and could best determine the credit to attach to their testimony.   Reconstructing the relevant facts, it appears Tice was employed by the prosecutor to shave pigs.   He claimed that on October 30th, 1936, he cut his left thumb and sought first aid.   On previous occasions, when he had suffered injuries, he had been treated by Dr. Edward G. Sheehan.   Men injured in the plant reported to one Teddy Selinsky, who did what he could washing and disinfecting any wound.   Then they reported to a Mr. Davis at the office.   Such instructions were given on the pay envelopes and were, at all events, known to this workman because on two previous occasions he had reported a pig hair in his right hand.   Records were kept of surgical and medical aid given to the injured men and the insurance carrier was notified.   Such routine is the usual factory practice.   Although there were full records of previous injuries there were none relating to the accident for which compensation was sought in this case.

When Tice left his employment in February of 1937, he complained of no injury, the result of an accident.   He was admitted to the Veterans Hospital claiming illness as the result of injuries received in the World War.

The plaintiff's case rested on his testimony and that of his wife corroborated, to some extent, by a discharged employe. No routine record of this injury was ever made.   None of his fellow workmen present at the time the accident was said to have happened recalled the occurrence, and it was only after Tice's discharge from the Veterans Hospital that any claim

was asserted for an injury occurring in October of 1936. The petitioner, except by reason of such an injury, could not recover. We can only conclude that there was no such occurrence and, if there was, certainly no actual knowledge thereof was had, or was notice to the employer ever given within the time fixed by the statute.

The respondent argues that all of the proof in support of the employer's position is negative. This is true. But on the contrary there is no proof of the occurrence except from the lips of those vitally interested in the outcome or prejudiced against the prosecutor of the writ.

The trier of the facts has always the advantage when weighing the testimony. We are satisfied with the conclusion in the bureau.

The judgment of the Court of Common Pleas is reversed, and the dismissal of the petition by the bureau is affirmed, but without costs.